OPINION. Sternhagen, Judge: In 1939 petitioner sold oil and gas leases to Davis & Co. in consideration of Davis & Co.’s promise to pay petitioner’s indebtedness of $60,000 to the Transwestern Oil Co. and to secure the discharge of petitioner’s indebtedness of $200,000 to Kellogg. The Transwestern debt of $60,000 was paid by Davis in cash, and there is no dispute about the treatment of that payment as a realization of income by petitioner. Davis also paid Kellogg $100,000 in cash on account of petitioner’s debt, and that. too. is recognized as a realization of income by petitioner. The remaining $100,000 of petitioner’s indebtedness to Kellogg was covered by a series of promissory notes given in 1939 by Davis & Co. to Kellogg. Of these notes, $33,332 were paid by Davis & Co. when due in 1939. and that amount also is recognized as taxable income of the petitioner in that year, The remaining $66,668 of notes, which were not due and were not paid by Davis & Co. in 1939. are the subject of the controversy. The petitioner assails the Commissioner’s determination that this amount is included in its 1939 income. The receipt of property in consideration for a sale is regarded as the receipt of cash to the extent of the value of the property {sec. Ill (b), Revenue Act of 1938, Whitlow v. Commissioner, 82 Fed. (2d) 569: Helvering v. Bruun, 309 U. S. 461; Musselman Hub-Brake Co. v. Commissioner, 139 Fed. (2d) 65, and the gain therein is income. So it would be clear, if the Davis notes had come to petitioner directly instead of going to Kellogg on account of petitioner’s debt to Kellogg, that petitioner would have been taxable upon the gain when the notes were received; clearer even than if the purchaser had assumed a mortgage. Cf. Brons Hotels, Inc., 34 B. T. A. 376. But the notes did not come to petitioner directly, and its position is that they may not be regarded as constructively received by it m 1939. since petitioner’s obligation was not discharged but persisted; and further that, even if petitioner should be charged with constructive receipt of the notes, still there is no income, since the notes were without market value and therefore were not the means of a realization of income. It is true that petitioner’s obligation was not discharged when Kellogg took the Davis notes. The notes were expressly said in the agreement to be “collateral” to the petitioner’s obligation. But the legal fiction of constructive receipt treats the receipt by Kellogg as the receipt by petitioner; and clearly the receipt by petitioner directly of the Davis notes in consideration for the sale of the oil and gas leases would be none the less income, even though petitioner’s obligation to Kellogg continued. The realization of income from the sale is not found merely in Davis’ promise to pay petitioner’s debt to Kellogg but in the constructive receipt by petitioner of property consisting of the Davis notes. This property is income to the extent of its value. Whitlow v. Commissioner, supra; Helvering v. Bruun, supra. The face value of the notes was $86.668. They were given under the agreement, and the remaining $33.332 of the $100,000 notes were paid when due in 1939. The $66.668 of notes were paid according to their terms within the following year, at or before their maturity. But petitioner says that in 1939 they were without market value, largely because they were secured by the contract and there was no assurance that the contract would be fulfilled or would be fruitful. This, however, is not enough to indicate that the promissory notes in 1939 were without value. The inference is rather the other way, that they had full value subject to the possibility of a rescission of the contract upon the happening of a condition subsequent. In 1939 there was no reason to treat this as probable, and very soon it turned out not to be a fact. We think the evidence does not establish that the notes were worth less than their face value. The Commissioner’s determination that they were worth $66,668 is sustained. Reviewed by the Court. Decision will be entered under Bule 50